Green, J.
delivered the opinion of the court.
This is an action for an unlawful detainer.
It appeared in evidence, that the land in controversy was levied on as the property of the plaintiff, by virtue of a judgment and execution against him, and was sold by- the sheriff on the 4th day of November, 1843, and purchased by H. B. Hoover. The sheriff executed a deed to Hoover on the 5th of November, 1845, and Hoover conveyed by deed to the defendant on the next day, the 6th. There was no evidence that the plaintiff was in possession at the time of said levy and sale.
The plaintiff proved that the defendant rented the land from him in 1844 and 1845, that he went in possession thereof as his tenant in 1844, and so continued in 1845.
The court charges the jury, that the judgment, levy and sheriff’s deed dissolved the relation of landlord and tenant, previously existing between the plaintiff and defendant, from and after the execution of the deed by the sheriff to Hoover the purchaser at the execution sale, and that from that time, the defendant became, by operation of law, the tenant of Hoover, and it was his duty to attorn to him. In this direction, we think, his honor, the Circuit Judge, erred.
The deed of the sheriff did not take effect at its date, but related to the date of the sale, and vested in Hoover a legal title from that period. It could not, therefore, affect the relation between the plaintiff and defendant, which had been entered into after the sale.
It is true, that a party whose land is sold by execution against him, while he is in possession of the premises, is held to be a quasi tenant of the purchaser, and cannot dispute his title. But here there is no evidence that Wood was in possession at the time of the sale. After the sale he rented the land to Turner, and while Turner is thus in possession he takes a title from Hoover, and refuses to deliver possession to Wood of whom he rented. It is therefore, the simple question, whether a tenant can be permitted to buy up an outstanding title, and thereby protect himself against his landlord. This, it is admitted, *520 cannot be done. Good faith requires, that he should surrender the possession to the party of whom he received it, and whose title he acknowledged by consenting to hold under-him. The ground assumed by his honor, that the sheriff’s deed operated to transfer the right of possession to the purchaser at its date, and not at the date of the sale, cannot be maintained.
Reverse the judgment, and remand the cause for a new trial.